IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD HENRY,<br><br>  Plaintiff,<br><br>  v.<br><br>STATE OF ALASKA DEPARTMENT OF REVENUE CHILD SUPPORT SERVICES DIVISION, et al.,<br><br>  Defendants. | Case No.: C 11-03255 JSC<br><br>**ORDER (1) DISMISSING STATE OF ALASKA AS A DEFENDANT AND (2) STAYING THE CLAIMS AGAINST THE STATE OF CALIFORNIA (Dkt. Nos. 16, 23)** |

Plaintiff, proceeding pro se, filed a complaint against the State of Alaska Department of Revenue Child Support Services Division, the State of California Department of Child Support Services, the United States Department of Health and Human Services Office of Child Support Enforcement, and the United States Department of State. Plaintiff alleged that he owes approximately $50,000 in child support payments for a child born in Alaska who is now over the age of 18. His complaint appeared to make two claims: (1) a constitutional challenge to a federal law that prohibits the issuance of passports to persons in arrears on child support payments, and (2) a constitutional challenge to the State of California's suspension of Plaintiff's commercial drivers license as a result of his failure to make child support payments as ordered by the Alaska Superior Court.

Pursuant to 28 U.S.C. §1915, the Court granted Plaintiff's application to proceed *in forma pauperis* but dismissed his complaint with leave to amend. With respect to his passport claim, the Court held that Plaintiff's allegations failed to establish standing because he admitted that he had not applied for a passport and therefore had not been denied a passport. As for the claim against the State of California, the Court held that the complaint was unclear as to what conduct by California Plaintiff challenges and the basis for the challenge. For example, while his complaint alluded to a denial of a California commercial drivers license, the complaint did not allege that he had applied for and been denied such a license. He also failed to identify the constitutional provision, if any, he contends is violated by California's alleged conduct. Finally, with respect to the State of Alaska as a defendant, the Court held, again, that the complaint was unclear as to the conduct Plaintiff is challenging: "Plaintiff must specifically identify the conduct, and where it occurred, and any state statutes that he challenges." (Dkt. No. 7.) The Court also held that Plaintiff's complaint failed to support an inference that this Court has personal jurisdiction over the State of Alaska.

Now pending before the Court is Plaintiff's response to the Court's Order: a first amended complaint (Dkt. No. 16) along with corrections and a "supplement" (Dkt. No. 23). Plaintiff served the first amended complaint on the State of California, and the Court granted the State's request for an extension of time, until December 6, 2011, to respond to the amended complaint.

Plaintiff's "supplement" also includes a purported removal of a state court proceeding in Alaska Superior Court, Third Judicial District at Anchorage, Case No. 3 AN-04-3462, to this Court, although no removal was docketed separately. (Dkt. No. 24 at 6-7.) In that state proceeding, the Attorney General of the State of Alaska has moved to vacate orders issued by the Alaska state court on 3/17/2004, 5/10/2004, 9/16/2004 and 3/13/2006 directing the Plaintiff here, Ronald Henry, to pay child support. The Attorney General contends the orders "are void because the State of California has continuing, exclusive jurisdiction (CEJ) over the issue of support for the child." (Dkt. No. 24 at 12.)

## DISCUSSION

### A. The Removal of the Alaska State Court Proceeding Is Improper

Plaintiff's purported removal of the Alaska child support proceeding to this California federal district court is improper. To properly remove a case from state court, the removing party must file the removal papers in the federal court for the district in which the state action is pending. 28 U.S.C. § 1446(a). Accordingly, to the extent the state court proceeding was, in fact, removed, it is hereby remanded back to the Alaska Superior Court.

### B. Plaintiff's Claims

The gravamen of Plaintiff's complaint is that because his son is no longer a minor it is unconstitutional to require Plaintiff to suffer any consequences from his failure to pay his past child support obligations. In light of Plaintiff's supplement to his amended complaint (Dkt. No. 23), three claims of unconstitutional conduct appear to remain against the California Department of Child Support Services ("Cal. DCSS") and the Alaska Child Support Services Division ("Alaska CSSD").[1] First, Plaintiff alleges that Cal. DCSS and Alaska CSSD maintain his name on a list of child support obligors, which subjects Plaintiff to a federal law that prohibits the issuance of passports to persons who are in arrears on child support payments. See 42 U.S.C. § 652(k). Second, he appears to challenge the State of California denying him a California commercial drivers license based on Plaintiff's failure to satisfy orders of the Alaska state court requiring him to pay child support. Third, he challenges Alaska CSSD "independently and supplementally [sic] through its agent DCSS" reporting his delinquent child support payment status to various entities, including credit agencies and the Secretary of the Treasury. (Dkt. No. 23 at 3.)

### C. The State of Alaska Must Be Dismissed

As the Court previously ruled in its initial order dismissing Plaintiff's claims, Plaintiff has the burden to establish that this Court has personal jurisdiction over Alaska. Scott v. Breeland, 792 F.2d 925, 927 (9th Cir.1986). The Court previously advised Plaintiff that any amended complaint should "allege sufficient facts to make a preliminary showing that this

---

[1] Plaintiff's supplement dismissed all claims against the federal government. (Dkt. No. 23 at 2.)

California court has personal jurisdiction of the State of Alaska." (Dkt. No. 7.) Plaintiff's amended complaint fails to do so.

"Personal jurisdiction over an out-of-state defendant is appropriate if the relevant state's long arm-statute permits the assertion of jurisdiction without violating federal due process." Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 800-01 (9th Cir. 2004). Because California's long arm statute is co-extensive with federal due process requirements, the jurisdictional analyses under California law and federal due process are the same. Id. at 801. The Due Process Clause requires that nonresident defendants such as the State of Alaska have certain "minimum contacts" with the forum state, "such that the exercise of personal jurisdiction does not offend traditional notions of fair play and substantial justice." Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945).

The Ninth Circuit has articulated a three-part test to determine whether a party has sufficient minimum contacts to be susceptible to specific personal jurisdiction: (1) the non-resident defendant must purposefully direct his activities or consummate some transaction in the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e., it must be reasonable. Schwarzenegger, 374 F.3d at 802 (quoting Lake v. Lake, 817 F.2d 1416, 1421 (9th Cir.1987)).

The crux of Plaintiff's claims against the Alaska CSSD is that because Plaintiff has not satisfied the Alaska Superior Court's orders regarding the payment of child support, Plaintiff has suffered a variety of harms, from passport denial to federal tax and paycheck withholding to negative credit scores and denial of a commercial drivers license. Plaintiff, however, has still failed to allege facts—as opposed to conclusions—that demonstrate a prima facie showing that this Court has specific personal jurisdiction over Alaska. If Plaintiff wishes to challenge Alaska's orders, he must do so in Alaska. Moreover, according to the documents submitted by Plaintiff and discussed above, the Alaska Attorney General has moved to vacate

the Alaska child support orders. Accordingly, the claims against the State of Alaska are dismissed.

### D. The Claims Against California

Plaintiff's claim against California arises from the State's 2008 suspension of his commercial drivers license as a result of his failure to pay child support as ordered by the Alaska courts. Plaintiff concedes that California has suspended his commercial license pursuant to California Family Code section 17520 and "a federal statute which authorizes the states to employ license suspension as a means to compel compliance with a child support order." (Dkt. No. 16 at 3); See 42 USC § 666(a). Plaintiff nonetheless contends that California's conduct is unconstitutional because the Alaska child support orders became moot when his son turned 18 in June 2008. He appears to contend that the State (and federal government) have no legitimate interest in pursuing delinquent child support payments once a child reaches the age of majority because the child is no longer a dependent and therefore the restriction of Plaintiff's license (along with other consequences) violates substantive due process.

Plaintiff's theory is novel and defies common sense. If a parent, such as Plaintiff, could be absolved of all delinquent child support payments once a child turned 18, then the parent would have every incentive to delay and obstruct the payment of any benefits until the child turned 18. In other words, requiring a parent to satisfy past child support orders after the child turns 18 is completely consistent with Congress's stated intent to encourage parents to comply with their child support obligations while the child is a dependent. It is thus unsurprising that the Court has not been able to find a single case, and Plaintiff cites none, that supports his novel argument.

In any event, the State of Alaska's child support orders may become moot in light of the Alaska Attorney General's recent motion to vacate the orders. If the motion is granted, Plaintiff's claims in this action may become moot as there will be no Alaska support orders for California or Alaska to enforce. In light of this development, **the State of California need not respond to the Amended Complaint by December 6, 2011.** Instead, the parties

shall appear for a case management conference on February 2, 2012 at 1:30 p.m. in Courtroom F at 450 Golden Gate Avenue, San Francisco, CA to discuss the status of the Alaska child support orders and whether Plaintiff's claims are moot.

## CONCLUSION

As Plaintiff has failed to make a prima facie showing of personal jurisdiction over the State of Alaska, the Alaska defendant is dismissed. Plaintiff, himself, dismissed the federal defendants. In light of Plaintiff's submission of documents purporting to show that the Alaska Attorney General has moved to vacate as void the Alaska child support orders, the claims against the State of California are stayed and the State need not file a response to the amended complaint. Instead, the parties shall appear for a case management conference on February 2, 2012 at 1:30 p.m. in Courtroom F at 450 Golden Gate Avenue, San Francisco, CA to address the status of the Alaska child support orders and how to proceed. In addition, to the extent Plaintiff did, in fact, remove the Alaska state court child support action to this Court, that action is hereby remanded to the Alaska Superior Court.

Plaintiff is directed to serve a copy of this Order on all the parties and entities on whom he served his purported removal pleading and to file a proof of service with this Court.

**IT IS SO ORDERED.**

Dated: December 1, 2011

JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE