IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD HENRY,<br><br>    Plaintiff,<br><br>v.<br><br>STATE OF ALASKA DEPARTMENT OF HEALTH AND HUMAN SERVICES, et al.,<br><br>    Defendants. | Case No.: C 11-03255 JSC<br><br>**ORDER 1) DENYING PLAINTIFF'S MOTION TO WITHDRAW CONSENT TO A MAGISTRATE JUDGE AND 2) DIRECTING PLAINTIFF TO SHOW CAUSE AS TO WHY THE DEPARTMENT OF HEALTH AND HUMAN SERVICES IS A PROPER DEFENDANT IN THIS ACTION (Dkt. Nos. 26, 35)** |

    Now pending before the Court is Plaintiff's motion to withdraw consent to a magistrate judge and re-assign this case "to a District Court Article III judge for the remainder of the proceedings." (Dkt. No. 26 at 6.) The Court is also in receipt of a communication from Plaintiff requesting 1) a "re-visitation of the Court's contention that it has no jurisdiction over the Alaska defendant"; 2) "a written order to support the retention of the jurisdiction of a magistrate judge"; and 3) "a written order clarifying [the Court's] contention that it dismissed the United States Department of Health and Human Services . . . as defendant." (Dkt. No. 35 at 2.)

First, as stated at the February 2, 2012 case management conference, the Court declines to reconsider the dismissal of Alaska as a defendant. (See Dkt. No. 25.)

Second, Plaintiff consented to the jurisdiction of a United States magistrate judge pursuant to 28 U.S.C. § 636(c). (Dkt. No. 6.)  The Court notes Plaintiff's objection to this Court's continued jurisdiction; however, "[t]here is no absolute right, in a civil case, to withdraw consent to trial and other proceedings before a magistrate judge." Dixon v. Ylst, 990 F.2d 478, 480 (9th Cir. 1993).  In fact, only a court can authorize such a withdrawal and only "for good cause shown on its own motion, or under extraordinary circumstances shown by the party." Id. (referencing 28 U.S.C. § 636(c)(6); Fed. R. Civ. P. 73(b); Fellman v. Fireman's Fund Ins. Co., 735 F.2d 55, 58 (2d Cir. 1984)).  Plaintiff has not shown "extraordinary circumstances" that would support transfer of this case to a district court judge, and this Court retains jurisdiction.

Third, Plaintiff alleges that though he agreed to dismiss the United States Department of State as a defendant, this Court dismissed the Department of Health and Human Services ("DHHS") improperly since he did not intend to agree to dismiss DHHS. (Dkt. No. 35 at 7; Dkt. No. 25 at 6.)  The Court previously found that Plaintiff did not have standing to bring his claim against the federal government for theoretically denying him access to a passport since he had not actually applied for a passport. (Dkt. No. 25 at 2.)  It is unclear if Plaintiff alleges any other specific harms suffered as a result of the federal government in general or DHHS in particular.  The Court orders Plaintiff to show cause as to why the Department of Health and Human Services is a proper defendant in this case by filing, on or before April 20, 2012, clarification as to the particular conduct of DHHS he challenges and the harm, if any, he suffered as a result.

As noted at the February 2, 2012 case management conference, Defendant shall file a Motion to Dismiss by April 6, 2012, Plaintiff shall file any opposition by April 20, 2012, Defendant shall file any reply by April 27, 2012, and a hearing will commence on May 3, 2012 at 9:00 am.

//

**IT IS SO ORDERED.**

Dated: April 5, 2012

_____
JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE