IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD HENRY,<br><br>        Plaintiff,<br><br>   v.<br><br>STATE OF CALIFORNIA DEPARTMENT OF CHILD SUPPORT SERVICES, et al.,<br><br>        Defendants. | Case No.: 11-3255 (JSC)<br><br>**ORDER DISMISSING THIS ACTION WITHOUT PREJUDICE** |

Plaintiff, proceeding pro se, filed an amended complaint challenging the constitutionality of various government efforts to collect delinquent child support payments. The California Department of Child Support Services is the only remaining Defendant in this action. (Dkt. No. 25.) Now pending before the Court is Defendant's Motion to Dismiss Plaintiff's Amended Complaint. (Dkt. No. 39.) In lieu of filing a response to this motion, Plaintiff petitioned the Court to dismiss this case as moot due to an ongoing state court action. (Dkt. No. 48.) The Court GRANTS Plaintiff's request and dismisses this action without prejudice.

//

//

## ALLEGATIONS AGAINST DEFENDANT IN THE AMENDED COMPLAINT

Plaintiff claims to owe approximately $50,000 in child support payments for a child born in Alaska who is now over the age of 18. The gravamen of Plaintiff's amended complaint[1] is that because his son is no longer a minor, it is unconstitutional for federal or state authorities to continue to impose consequences on Plaintiff for his failure to pay past child support obligations. Plaintiff makes three specific claims of unconstitutional conduct against Defendant. First, Plaintiff alleges that Defendant maintains his name on a list of child support obligors, which subjects Plaintiff to a federal law that prohibits the issuance of passports to persons who are in arrears on child support payments. See 42 U.S.C. §652(k). Second, he challenges Defendant's 2008 suspension of his California commercial driver license pursuant to California Family Code §17520 and "a federal statute which authorizes the states to employ license suspension as a means to compel compliance with a child support order." (Dkt. No. 16 at 3); See 42 USC §666(a). Third, he challenges Defendant for income withholding and reporting his delinquent child support payment status to various entities, including credit agencies and the Secretary of the Treasury. More generally, Plaintiff also appears to claim the United States Department of Health and Human Services and the United States Department of State are responsible for enforcing—or compelling California and Alaska to enforce—various federal laws that violate Plaintiff's constitutional rights, including those affecting issuance of a passport and a commercial driver license.

## PROCEDURAL HISTORY

Pursuant to 28 U.S.C. §1915, the Court granted Plaintiff's application to proceed *in forma pauperis* but dismissed his initial complaint for lack of standing and failure to state a claim. (Dkt. No. 7.) The Court granted Plaintiff leave to amend but questioned whether Plaintiff could allege sufficient facts to establish personal jurisdiction over the State of Alaska. (Dkt. No. 7 at 6.) Plaintiff twice requested extensions of time to file an amended complaint (Dkt. Nos. 9, 13), which the Court granted (Dkt. Nos. 10, 14).

---

[1] Plaintiff filed an amended complaint (Dkt. No. 16) and then corrections and a "supplement." (Dkt. No. 23.) The Court considers these two documents together as Plaintiff's amended complaint.

Plaintiff filed an amended complaint in two parts: an amended complaint and a supplement to the amended complaint. (Dkt. Nos. 16, 23.)   In this amended complaint, Plaintiff appeared to dismiss all claims against the federal government (Dkt. No. 23 at 2), and the Court dismissed the State of Alaska as a defendant due to lack of personal jurisdiction. (Dkt. No. 25 at 4.)  Plaintiff later argued that he only intended to agree to dismiss the United States Department of State as a defendant, and the Department of Health and Human Services ("DHHS") was therefore improperly dismissed. (Dkt. No. 35 at 7.)  The Court previously held that Plaintiff did not have standing to bring his claim against the federal government for theoretically denying him access to a passport since he had not actually applied for a passport. (Dkt. No. 25 at 2.)  As it was not clear if Plaintiff alleged any other specific harms suffered as a result of the federal government in general or DHHS in particular, the Court ordered Plaintiff to show cause as to why DHHS was a proper defendant in this action.  (Dkt. No. 38.) Plaintiff declined to file a response.

Plaintiff also filed numerous motions to withdraw his consent (Dkt. No. 6) to a magistrate judge (Dkt. Nos. 26, 34, 35), which were denied (Dkt. No. 38).  Plaintiff then filed an uncertified appeal with the Ninth Circuit. (Dkt. No. 41.)  Plaintiff also filed a Motion to Stay Case Pending Appeal. (Dkt. No. 42.)  The Court denied this motion but granted Plaintiff an additional week to file his response both to Defendant's motion to dismiss and the Court's order to show cause regarding DHHS. (Dkt. No. 44.)  Plaintiff missed this extended deadline, and the Court ordered Plaintiff to file any response forthwith. (Dkt. No. 47.)  Plaintiff opted not to file either response and instead petitioned the Court to dismiss this case due to Plaintiff's perception that an ongoing state court action about his delinquent child support would ultimately be resolved in his favor. (Dkt. No. 48.)  He did not, however, specify whether he sought dismissal with or without prejudice and he did not appear at oral argument on Defendant's motion to dismiss.

Following oral argument Defendant responded in writing to Plaintiff's request for dismissal.  Defendant contends that the superior court has retained jurisdiction over Plaintiff's child support action and has stayed the child support enforcement action and released Henry's

3

1 commercial driver license pending an August 10, 2012 hearing on Henry's motion to vacate
2 the child support order. (Dkt. No. 51.) Nonetheless, Defendant contends that the Court
3 should grant Plaintiff's request for dismissal or, in the alternative, dismiss this action in accord
4 with <u>Younger</u> and <u>Rooker-Feldman</u> doctrines.

## DISCUSSION

Federal Rule of Civil Procedure 41(a) provides that a plaintiff may dismiss an action without court order by filing "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." Fed. R. Civ. P. 41(a)(1)(A)(i). Here, no defendant has answered the complaint nor has any defendant moved for summary judgment; accordingly, Plaintiff has the right to dismiss his claims. While his request for dismissal is not technically a "notice of dismissal," in light of Plaintiff's status as a pro se litigant, the Court will construe the pleading as a Rule 41(a)(1) notice of dismissal.

Such a unilateral dismissal is without prejudice unless the notice provides otherwise. Fed. R. Civ. P. 41(a)(1)(B). As Plaintiff's notice does not so indicate, the dismissal of his claims is without prejudice. See <u>Wilson v. City of San Jose</u>, 111 F.3d 688, 692 (9th Cir. 1997).

## CONCLUSION

Per Plaintiff's unopposed request, this action is DISMISSED without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1). The Clerk shall terminate the case.

**IT IS SO ORDERED.**

Dated: May 31, 2012

_____
JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE